E. S. SMITH, BY HER NEXT FRIEND, A. F. MOSER, VS. P. J. JARNAGIN, ET AL.

DIVISION OF ESTATE. *Lapse of Time.*

A division of an Estate acquiesced in for thirty years, will not be disturbed, though made without authority of law, and while some of the parties were under disabilities.

CARUTHERS J., delivered the opinion of the Court :

The decree in this case, dismissing the bill, is right, and is

affirmed. The divisions of the slaves in 1835 and 1838 are binding on all the parties, as they have since that time acquiesced in it, each holding and enjoying their respective shares. The complainant was then a *feme covert*, and so were some of the others at the time of the division in 1835 ; but after so great a lapse of time, and their enjoyment of the portions assessed to them, respectively, they will not be permitted to gainsay it, although the same may have been done without authority of law, and some of them were under these disabilities. But the bill does not seek to disturb the division, but is based upon the ground that Chany was not included, but remained a part of the estate of Berry Jarnagin.* The answer takes the ground that in 1838 Chany was assigned to the widow as her part ; and we think this is established by the evidence.—From this it follows that the disposition made by her of Chany and her children, is valid and cannot be disturbed by complainant.

*Decree affirmed.*

As to lapse of time, see Overton v. Bigelow, 3 Yerg. 513; Gibson v. Lane, 9 Yerg. 475; Townsend v. Townsend, 4 Cold. 70; Brackin v. Martin, 3 Yerg. 55; Lewis v. Brooks, 6 Yerg. 167.

As to the reluctance of the Supreme Court to interfere with family settlements fairly made, see Summers v. Wilson, 2 Cold. 469; Owen v. Hancock, 1 Head, 563 ; Williams v. Sneed, 3 Cold. 533 ; Farnsworth v. Dinsmore, 2 Swan, 38.

As to the effect of the statute of limitations where land is held adversely under color of title, see Boles v. Smith, *Infra,* notes

And see futher, as to estoppel by parol disclaimer *McCoy* v. *Pearce,* and note (2), *Infra.* And see Gass v. Hawkins, *et ux., Infra,* where a widow who was a party to a bill for partition, and had failed to assert her claim to dower, was held estopped from doing so in a subsequent proceeding.

* The ancestor of the parties. Rep.